D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, New York 10004
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DON NEWTON,

        **Plaintiff,**

        v.

JEN N.Y., INC. d/b/a FARE BUZZ,
FAREPORTAL, INC., and ARNOLD
WALTER,

        **Defendants.**
-----------------------------------------------------------x

CASE NO.

COMPLAINT

DEMAND FOR JURY TRIAL

      Plaintiff Don Newton alleges as follows:

### JURISDICTION AND VENUE

      1.      This Court has federal diversity jurisdiction under 28 U.S.C. § 1332 because this is an action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff is a citizen and resident of New Jersey. Defendants Jen . N.Y. Inc., Fareportal Inc., and Arnold Walter are citizens of New York.

      2.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

### PARTIES

1

3. Defendant Jen N.Y. Inc. ("Fare Buzz") is a New York corporation with its principal place of business in New York. Fare Buzz is a travel agency specializing in discounted business class tickets and corporate accounts for business professionals.

4. Defendant Fareportal, Inc. is a New York corporation. Fareportal is a leading travel technology company that owns and operates a number of websites including Fare Buzz.

5. Defendant Arnold Walter a New York resident and the CEO of Fare Buzz.

6. Plaintiff is a 73-year old New Jersey resident.

## FACTS

7. Plaintiff was employed by Defendants as a Vice President of Sales and Marketing from 2005 until 2019.

8. Plaintiff's primary job duties were to sell Fare Buzz's services to businesses and travel agents and to manage customers' accounts with Fare Buzz.

9. Plaintiff's pay structure with Defendants included a base salary plus 5% of sales. However, Plaintiff was never provided, as required by NYLL § 191, a full description as to how his commissions would be calculated.

10. Almost from the beginning of Plaintiff's employment, Defendants cheated Plaintiff and refused to give him an accurate accounting of his sales and the commissions generated from each sale.

11. Instead of giving Plaintiff an explanation of commissions paid, as required by NYLL § 191(c), Defendants merely gave Plaintiffs a list of his total sales. These reports were insufficient because they (a) did not explain what his commissions were on those sales or how they were calculated, and (b) were regularly missing many of the sales attributable to Plaintiff. This

indicated that, at the very least, Defendants did not pay Plaintiff commissions for all his sales, as they were required to do.

12. By way of example, in January 2019, Plaintiff's sales report excluded his off-line sales, indicating that he was not paid commissions on these sales.

13. By May 2019, Plaintiff identified $1.2 million in sales that were not reflected on his sales reports.

14. In October of 2016, Plaintiff identified instances where Defendants attributed certain business class sales to individual travel agents working at other travel agencies that were Plaintiff's account. Defendants attributed the sales to agencies' individual salesmen and not the agency to mask the agency in question was Plaintiff's account and avoid paying Plaintiff commissions.

15. These shenanigans continued throughout Plaintiff's employment, but despite Plaintiff's protests, Defendants continuously to omit large amounts of sales from Plaintiff's sales reports and refused to provide Plaintiff with any accounting of his commissions. This caused Plaintiff to lose substantial income and made it impossible for him to pinpoint exactly what and how much was missing from his pay.

16. By 2019, Plaintiff was completely fed up with Defendants' thievery.

17. Plaintiff sent Defendants numerous e-mails in March, May and June 2019 about missing commissions and Defendants' failure to give him a proper accounting, as required by NYLL § 191(c). Defendants still failed to correct these issues or to give Plaintiff an accounting.

18. Despite all this, Plaintiff remained an excellent salesperson, and his annual sales exceeded $10 million every year of his employment.

19. In addition to being a whistleblower with respect to Defendants' illegal practices, Plaintiff was also the oldest employee at Fare Buzz by a substantial margin.

20. To be sure, Plaintiff was the oldest of about 50 employees by close to 20 years. Arnold Walter, the CEO, is likely the next oldest employee, at roughly age 53. The overwhelming majority of Fare Buzz employees are under 40 years old.

21. Defendants believed that it was Plaintiff's time to retire. Especially towards the end of Plaintiff's employment, Arnold Walter repeatedly made ageist comments to Plaintiff, like "If you can't do this job anymore, we can replace you."

22. Sure enough, on June 18, 2019, Defendants unceremoniously terminated Plaintiff, telling him his job position was eliminated.

23. Defendants' stated reason was clearly pretextual: Plaintiff sold and managed accounts until the end of his employment, and his work was certainly transferred to other (younger) individuals there. Rather, Defendants' open discriminatory animus, the fact that he was by far the oldest Fare Buzz employee, and the timing of Plaintiff's termination indicate that he was terminated because of his age and in retaliation for his complaints about illegal pay practices.

### FIRST CLAIM FOR RELIEF
(New York City Human Rights Law ("NYCHRL")
N.Y. Admin. L. §§ 8-101 *et seq.* –
Age Discrimination)

24. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

25. In violation of the NYCHRL, Defendants discriminated against Plaintiff on the basis of his age.

26. As a direct and proximate consequence of Defendants' discrimination against Plaintiff, Plaintiff suffered, and continues to suffer, substantial monetary damages, including, but not limited to, a loss of income and employment benefits.

27. As a direct and proximate consequence of Defendants' discrimination against Plaintiff, Plaintiff suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to, emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputations, lasting embarrassment, humiliation and anguish.

28. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to backpay, lost employment benefits, and damages for emotional distress, as well as front pay, punitive damages, post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELEIF
### (NYLL Retaliation, N.Y. Lab. L. § 215)

29. Plaintiff incorporates and realleges each preceding paragraph as though set forth in full herein.

30. Defendants willfully and unlawfully retaliated against Plaintiff for his execution of protected activities, namely his complaint regarding Defendants' failure to pay wages.

31. In retaliating against Plaintiff, Defendants knowingly acted in deliberate disregard of Plaintiff's rights.

32. Defendants' conduct violated the New York Labor Law § 215.

33. As a result of Defendants' unlawful conduct, Plaintiff is entitled to damages in an amount to be determined at trial, including compensatory damages for monetary damages and emotional distress, punitive damages, front pay, attorneys' fees, costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
(Untimely Payment of Wages, N.Y. Lab. L. §§ 191)

34. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

35. Defendants failed to pay Plaintiff his proper commissions in a timely manner.

36. Defendants failed to give Plaintiff a proper accounting of his commissions in response to Plaintiff's repeated written requests for one.

37. Plaintiff seeks damages in the amount of his withheld wages, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
(Deductions From Wages, N.Y. Lab. L. § 193)

38. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

39. Defendants illegally deducted money from Plaintiff's earned wages, in violation of N.Y. Lab. Law § 191.

40. Plaintiff seeks damages in the amount of his withheld wages, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

(a) Award Plaintiff monetary damages including, but not limited to, lost income, including past salary, future salary, and company-sponsored benefits, in an amount to be

determined at trial, together with interest thereon from the time of the initial loss until satisfaction of judgment and post-judgment interest thereon;

        (b)     Award Plaintiff non-monetary damages including, but not limited to, compensation for his humiliation and emotional distress and suffering, in an amount to be determined at trial, and punitive damages, together with interest thereon from the time of the initial loss until satisfaction of judgment as well as with post-judgment interest thereon;

        (c)     Award Plaintiff the costs of this action, together with reasonable attorney's fees;

        (d)     Grant Plaintiff such other and further relief this Court deems necessary and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all counts so triable.

Dated: New York, New York  
       August 26, 2019

                                        Respectfully submitted,

                                        JOSEPH & KIRSCHENBAUM LLP

                                        By: /s/ D. Maimon Kirschenbaum  
                                             D. Maimon Kirschenbaum  
                                             32 Broadway  
                                             Suite 601  
                                             New York, NY 10004  
                                             Tel: (212) 688-5640  
                                             Fax: (212) 688-2548

                                             *Attorneys for Plaintiff*